Federico Alberto Escoto was convicted of unlawful possession of a dangerous ordnance with a physical harm specification and a gun specification. As a result, he received a sentence of one and one-half years to five years, consecutive to the three-year sentence required for the gun specification.
R.C. 2923.17(A) defines the crime of unlawful possession of a dangerous ordnance. It states "[n]o person shall knowingly acquire, have, carry, or use any dangerous ordnance." A sawed-off shotgun is a dangerous ordnance. Thus, no debate exists that Mr. Escoto was guilty of possessing a dangerous ordnance.
The issue in this case is whether or not Mr. Escoto is guilty of the physical harm specification. The actual harm caused in this case occurred when Mr. Escoto fired the weapon. The jury who heard the evidence acquitted Mr. Escoto of felonious assault — knowingly causing physical harm with a deadly weapon — on a finding that Mr. Escoto acted in self-defense. Thus, if the jury had received a correct statement of law as to the potential applicability of self-defense to the physical harm specification and if the jury had applied consistently the same findings it made as to the other charges, the jury would have acquitted Mr. Escoto of the physical harm specification.
I do not agree with the majority of the panel as to whether a self-defense charge was appropriate as to the physical harm specification. Mr. Escoto was in fear of death when he went back to his former residence to get a package from family members and other personal belongings. As far as I can tell, the only thing "suspicious" about the package was the fact that it came from Florida from people who had Hispanic last names.
When Mr. Escoto arrived to get the personal property at his former residence, the man who had rented him part of the house was nervous and acting funny. Mr. Escoto, having been told that a contract had been put out on his life, was fearful. He believed people who wanted to kill him were in the house. If he turned and left the house, he risked being shot in the back — at least in his own mind.
Under the circumstances, I do not agree with the majority of the panel Mr. Escoto "created the situation giving rise to the affray." I also do not believe that he violated a duty to retreat as a matter of law. Thus, I believe a charge to the jury about self-defense was in order.
The attorney who represented Mr. Escoto at trial did not request a self-defense charge to the jury as to the physical harm specification. The trial judge, not having been requested to give the charge as to that subject, did not give it.
The trial court's failure did not constitute plain error, because I cannot say with sureness that the jury would have acquitted Mr. Escoto of the specification. Indeed, the ability to find Mr. Escoto guilty of the lesser charge with specification may have made it easier for the jurors to acquit Mr. Escoto of the more serious charge he faced — felonious assault and attempted murder.
I also cannot say, given the acquittals obtained for Mr. Escoto on those more serious charges, that defense counsel rendered ineffective assistance of counsel.
As a result of all the above, I would overrule the first and second assignments of error. I do so for reasons different from those of the majority of the panel. I, therefore, concur separately.